IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* WADE RINER,<br><br>Plaintiff,<br><br>v.<br><br>WATERCOLOR COMMUNITY ASSOCATION, INC., *et al.*,<br><br>Defendant. | Case No.: 3:22-CV-11072-TKW/HTC |

**MOTION FOR JUDICIAL NOTICE BY DEFENDANT**
**ST. GEORGE PLANTATION OWNERS' ASSOCIATION, INC.**

Defendant, St. George Plantation Owners' Association, Inc. (**St. George**), respectfully moves the Court to take judicial notice of certain government reports, news media publications, and the complaints filed in two related lawsuits, to fully consider St. George's concurrently filed *Motion To Dismiss*. The motion raises the "public disclosure bar" of the False Claims Act (**FCA**) in response to the claims of relator Wade Riner (**Riner**). 31 U.S.C. § 3730(e)(4)(A)-(B). Courts routinely take judicial notice of public documents when analyzing the "public disclosure bar." *See United States ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805 (11th Cir. 2015). In further support of this Motion, St. George states as follows.

1

## BACKGROUND

St. George is one of seventy-nine (79) defendants sued by Riner with an identical allegation: Riner contends all were ineligible for benefits under the Paycheck Protection Program (**PPP**), enacted by Congress in response to the COVID-19 crisis. [DE 1].[1] The number of defendants sued by Riner underscores a dispositive obstacle – Riner's allegations, including those against St. George, are based on information published on government and news media websites.

## DOCUMENTS

To fully consider the "public disclosure bar" of the FCA, St. George requests that this Court take judicial notice of the following:

1. **Complaint** filed in *U.S. ex rel. Riner v. Hunters Run Property Owners Ass'n, Inc., et al.*, Case No. 1:22-cv-23342-KMW (S.D. Fla.). A copy is attached as Exhibit 1.

2. **Complaint** filed in *U.S. ex rel. Riner v. Beaver Run Homeowners Association*, Case No. 1:22-cv-02071 (D. Co.). A copy is attached as Exhibit 2.

---

[1] Riner has sued eleven (11) defendants in this lawsuit. Riner has at least two related, pending lawsuits making the same FCA claims of PPP ineligibility: *U.S. ex rel. Riner v. Hunters Run Property Owners Ass'n, Inc., et al.*, Case No. 1:22-cv-23342-KMW (S.D. Fla.) (43 defendants); *U.S. ex rel. Riner v. Beaver Run Homeowners Association*, Case No. 1:22-cv-02071 (D. Co.) (25 defendants).

3. **Pandemic Response Accountability Committee, Semiannual Report To Congress (April 1, 2020 – September 30, 2020)**. A copy of the 52-page pdf is attached as Exhibit 3.

4. **Pandemic Response Accountability Committee, Semiannual Report To Congress (April 1, 2023 – September 30, 2023)**. A copy of the 30-page pdf is attached as Exhibit 4.

5. **Pandemic Response Accountability Committee Website** - providing a searchable database of PPP loan recipients (last visited February 4, 2024): https://www.pandemicoversight.gov/.

6. **Gannett, The Ledger, Lakeland, Florida** - providing a searchable database of PPP loan recipients (last visited February 4, 2024):

https://data.theledger.com/paycheck-protection-program-loans.

7. **The Northwest Florida Daily News** - providing a searchable database of PPP loan recipients, published July 8, 2020 (last visited February 4, 2024):   https://www.nwfdailynews.com/story/news/2020/07/08/florida-ppp-loan-recipients-see-full-searchable-list-of-who-received-them/112604846/

8. **NBC Miam**i - providing a searchable database of PPP loan recipients, published December 4, 2020; updated on December 5, 2020 (last visited February 4, 2024):   https://www.nbcmiami.com/news/local/south-florida-small-businesses-pandemic-relief/2336990/.

9. **CNN** -- providing a searchable database of PPP loan recipients and noting "The data in this database was published by the Small Business Administration (SBA) on July 6, 2020." (last visited February 4, 2024): https://www.cnn.com/projects/ppp-business-loans/states/fl.

10. **Florida Department of State, Division of Corporations** – providing searchable database of information on Florida corporations and non-profit organizations, including annual reports: https://dos.fl.gov/sunbiz/search/ (last visited February 4, 2024).

## LEGAL ARGUMENT

For purposes of Rule 12(b)(6) in the FCA context, and particularly relevant to the public disclosure analysis, a district court may consider extrinsic documents that are central to the relator's claim and documents that are judicially noticed. *See Osheroff,* 776 F.3d at 811, n.4 ("holding in the context of a motion to dismiss pursuant to the public disclosure bar, "courts may take judicial notice of documents … for the limited purpose of determining which statements the documents contain (but not for determining the truth of those statements)."); *Jacobs v. Bank of Am. Corp.,* 2017 WL 2361943, at *4 (S.D. Fla. Mar. 21, 2017), *on reconsideration*,

2017 WL 2361944 (S.D. Fla. Apr. 27, 2017) (noting Rule 12(b)(6) review may take "judicial notice of facts that are not subject to reasonable dispute").[2]

Judicial notice of the ten (10) documents/websites listed above is well-within this Court's authority. The Court may take judicial notice of any "fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Further, in ruling on a motion to dismiss, the Court "may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion." *Halmos v. Bomardier Aerospace Corp.*, 404 F. App'x 376, 377 (11th Cir. 2010); *see also SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) (holding that a court can consider an extrinsic document without converting the motion to dismiss to one for summary judgment if the document is "(1) central to the plaintiff's claim, and (2) its authenticity is not challenged"); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (considering on

---

[2] *See also United States ex rel. Bernier v. InfiLaw Corp.*, 311 F. Supp. 3d 1288, 1291 (M.D. Fla. 2018) (stating, in FCA cases, "courts may take judicial notice of documents such as newspaper articles and information on publicly available websites"); *U.S. ex rel. Kraxberger v. Kansas City Power & Light Co.*, 756 F.3d 1075, 1083 (8th Cir. 2014) ("Because the False Claims Act's public disclosure bar requires a court to dismiss a claim based on public disclosure, a court necessarily considers the alleged public documents in its dismissal."); *Winkelman v. CVS Caremark Corp.*, 827 F.3d 201, 208 (1st Cir. 2016) (collecting cases); *U.S. ex rel. Beauchamp v. Academic Training Center*, 816 F.3d 37, 43 n.6 (4th Cir. 2016) ("Courts have unanimously construed the term 'public disclosure' to include websites and online articles.").

motion to dismiss extrinsic documents not physically attached to complaint that are "a necessary part of [plaintiffs'] effort to make out a claim").

All documents/websites listed above can be "accurately and readily determined" and the accuracy of the PPP data, the publication of which was mandated by Congress, "cannot reasonably be questioned."

## CONCLUSION

For the foregoing reasons, Defendant St. George Plantation Owners' Association, Inc. requests that this Court take judicial notice of the ten (10) documents listed herein for consideration with the concurrently filed *Motion To Dismiss*.

Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9234
Facsimile (561) 683-8977
Primary e-mail: barry.postman@csklegal.com
Secondary e-mail:
barry.postman@csklegal.com

By: s/ David C. Borucke
BARRY A. POSTMAN
Florida Bar No.: 991856
DAVID C. BORUCKE
Florida Bar No.: 039195
*Counsel for Defendant St. George*

## Local Rule 7.1(B)-(C) Certificate

The undersigned has conferred with counsel for relator and is authorized to represent that Plaintiff currently opposes the relief sought herein but Plaintiff will further consider his position and inform the Court.

## Local Rule 7.1(F) Certificate

The foregoing motion and memorandum contain 1,511 words, in compliance with Local Rule 7.1(F).

By:   /s/ *David C. Borucke*
      *Attorney for Defendant St. George*
      *Plantation Owners' Association, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.


By: /s/ *David C. Borucke*
*Attorney for Defendant St. George Plantation Owners' Association, Inc.*

# SERVICE LIST

**Plaintiff Wade Riner**
Randal C. Owens
Michael Adams-Hurta
Wright Close & Barger, LLP
One Riverway
Suite 2200
Houston, Texas 77056
owens@wrightclosebarger.com
hurta@wrightclosebarger.com

**United States**
Mary Ann Lane Couch
DOJ-USAO
21 E. Garden Street
Suite 400
Pensacola FL 32502
mary.ann.couch@usdoj.gov

Marie Armstrong Moyle
DOJ-USAO
111 N. Adams Street
4th Floor
Tallahassee, FL 32301
marie.moyle@usdoj.cov

**Dunes of Panama Management Association**
Jack Gregg Williams
502 Harmon Avenue
Panama City, FL 32401
850-763-5368
Email: williamspclaw@gmail.com

Stephen Ellis Syfrett
Syfrett & Garmon PA – Panama City, FL
502 Harmon Avenue
Panama City, FL 32401
850-692-9612
Email: syfrettlaw@gmail.com

**Holiday Surf And Racquet Club Condo. Ass'n, Inc.**
**Pinnacle Port Community Ass'n, Inc.**
George Spears Reynolds
Carr Allison - Tallahassee FL
305 S Gadsden St
Tallahassee, FL 32301
850-222-2107
Email: greynolds@carrallison.com

Paul David Brannon
Carr Allison - Tallahassee FL
305 S Gadsden St
Tallahassee, FL 32301
850-222-2107
Fax: 850-222-8475
Email: dbrannon@carrallison.com

**Seacrest Beach II Owners Ass'n, Inc.**
Kayla Michelle Scarpone
Dunlap & Shipman Pa - Tallahassee FL
2065 Thomasville Rd Ste 102
Tallahassee, FL 32308
850-385-5000
Fax: 850-385-7636
Email: kayla@dunlapshipman.com

**Jetty East Condominium Association Inc.**
Joseph Manuel Cobo, Jr
Kaufman Dolowich
100 SE 3rd Avenue Suite 1500
Fort Lauderdale, Fl 33394
Jcobo@Kaufmandolowich.com