IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex. rel.* WADE RINER co<br><br>Plaintiff,<br><br>v.<br><br><br>WATERCOLOR COMMUNITY ASSOCIATION, INC., ET AL.<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § | CIVIL NO. 3:22-cv-11072-TKW-HTC<br><br><br><br><br><br><br><br><br><br><br><br><u>JURY TRIAL DEMANDED</u> |

**JOINT REPORT UNDER RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Relator's counsel and Defendants' counsel met together via video on February 27, 2024 to conduct a formal Rule 26(f) conference. Additionally, Relator's counsel has conferred with individual Defendants' counsel on numerous other occasions about this case. Following those discussions, the parties provide the Court with the following report:

1. <u>Nature and Basis of Claims and Defenses</u>

    a. Relator Wade Riner has filed a *qui tam* action, pursuing claims for the United States of America under the False Claims Act against Defendants. Riner has specifically alleged that Defendants made false claims by applying for loans and forgiveness under the Payment Protection Program and, in doing so, certifying to the United States that they are (1) qualified for the loan, and (2) that the current "economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant."

    b. Some Defendants have answered but many have filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).

        i. Defendants Rosemary Beach Property Owners Association, Inc., One Seagrove Place Association, Inc., St. George Plantation Owners' Association, Inc., Watercolor Community Association, Inc., and Edgewater Beach Owners Association, Inc. have filed motions to dismiss arguing that (1) Relator's complaint is barred by the False Claims Act's public-disclosure bar, and (2) Relator did not properly allege scienter.

        ii. Defendants Jetty East Condominium Association, Inc. and Seacrest Beach II Owners Association, Inc. have filed motions to dismiss arguing that (1) Relator did not plead his complaint with sufficient particularity under Rule 9(b), (2) Relator's economic-uncertainty claims should be dismissed summarily as failing as a matter of law, (3) Relator's complaint is barred by the public-disclosure bar, and (4) Relator's complaint should be dismissed as a "shotgun pleading."

    c. In individual conversations, Relator has discussed with Defendants' counsel other factual and legal issues that will be in dispute, including the belief of many Defendants that they properly applied for PPP loans in the first instance.

    d. No defendant is asserting a counterclaim.

2. <u>Magistrate-judge jurisdiction</u>. The parties conferred on February 27, 2024 regarding their willingness to consent to magistrate-judge jurisdiction.

3. <u>Possibility of prompt settlement or resolution</u>.

    a. The parties have conferred regarding to the possibility of prompt settlement.

    b. Given the unique facts for each Defendant in applying for a Paycheck Protection Program loan, the parties do not think a group mediation would be beneficial. While the parties may be open to more individualized mediations in the life of this case, most parties believe mediation at this early stage of this case would not be helpful.

4. <u>Proposed timetables</u>

    a. This Court has ordered that Relator may respond to pending motions or amend his complaint by March 15, 2024. Relator intends to amend his complaint. Thus, the parties propose the following deadlines thereafter:

        i. April 15, 2024: Deadline for Defendants to answer or file motions related to the amended complaint.

        ii. May 6, 2024: Relator's deadline to respond.

        iii. May 13, 2024: Defendants' [optional] deadline to file a reply in support.

    b. Changes to the Scheduling order: The parties propose the following deadlines, different from this Court's initial scheduling order:

        i. August 28, 2024: Motions to join additional parties.

        ii. September 27, 2024: Plaintiff's Expert Disclosures.

        iii. October 28, 2024: Defendants' Expert Disclosures.

        iv. December 13, 2024: Discovery Deadline.

        v. January 17, 2025: Motions for Summary Judgment and Daubert Motions.

5. <u>Discovery Expectations.</u> The parties have discussed the discovery expectations and requirements for this case, which principally revolve around document discovery but will likely require some depositions as well. The parties consent to conducting depositions remotely.

6. <u>Electronic Discovery</u>. The parties have discussed the likelihood of requests or production of electronic or computer-based media:

    a. The parties expect their electronic discovery to be limited to data reasonably available to the parties in the ordinary course of business.

    b. The parties have discussed the format for production for electronic and computer-based media productions.

    c. The parties have discussed taking reasonable measures to preserve potentially discoverable data from alteration or destruction.

    d. The parties have discussed procedures to deal with inadvertent production of privileged or confidential information.

    e. The parties do not anticipate other problems to arise in connection with electronic or computer-based discovery.

7. <u>Readiness for trial</u>: The parties believe this case will be ready for trial by April 2025. Relator will be requesting a jury trial, if this case goes to trial.

8. <u>Manual for Complex Litigation</u>. The parties do not believe this case should be made subject to the Manual for Complex Litigation.

9. <u>Miscellaneous</u>: Given the distinct nature and facts relating to each Defendant, some Defendants may request separate trials and separate considerations for any motions for summary judgment.

Respectfully Submitted,

*/s/ Randall C. Owens*___
**Randall C. Owens**
**Tx Bar No. 15380700**
**Michael Adams-Hurta**
**Tx Bar No. 24097860**
**Wright Close & Barger, LLP**
**One Riverway, Ste. 2200**
**Houston, Texas 77056**
**Tel: (713) 572-4321**
**Fax: (713) 572-4320**
*Attorney for Plaintiff Wade Riner*

AGREED TO:

**Counsel for Defendants:**

*/s/ David Borucke (with permission)*
**Barry Postman**
**Florida Bar No. 991856**
**David Borucke**
**Florida Bar No. 039195**
**Cole, Scott & Kissane, P.A.**
**222 Lakeview Ave., Ste. 120**
**West Palm Beach, FL 33401**
**Tel: (561) 383-9229**
*Attorneys for Watercolor Community Association, Inc., One Seagrove Place Owner's Association, Inc., Rosemary Beach Property Owners Assoc., Inc., St. George Plantation Owners Association, Inc.*

*/s/ Joseph Cobo (with permission)*
**Joseph Cobo**
**Florida Bar No. 114204**
**Kaufman Dolowich**
**100 SE Third Ave., Ste. 1500**
**Fort Laudale, FL 32408**

**Tel: (954) 302-2634**
*Attorney for Jetty East Condominium Assoc., Inc., Laketown Wharf Resort Community Assoc., Inc. and Seacrest Beach II Owners Assoc, Inc.*


*/s/ William R. Sickler (with permission)*
**William R. Sickler**
**Florida Bar No. 0070639**
**Mary K. Simpson**
**Florida Bar No. 0516848**
**Guilday Law**
**1983 Centre Point Blvd., Ste. 200**
**Tallahassee, FL 32308**
**Tel: (850) 224-7091**
*Attorney for Edgewater Beach Owners Asssoc., Inc.*

*/s/ David Brannon (with permission)*
**David Brannon**
**Florida Bar No. 820636**
**George S. Reynolds**
**Florida Bar No. 56295**
**Carr Allison**
**305 S. Gadsden Street**
**Tallahassee, FL 32301**
**Tel: (850) 222-2107**
*Attorneys for Holiday Surt & Racquet Club Condominium Association, Inc. and Pinnacle Port Community Association, Inc.*